IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| W.A. GRIFFIN, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-cv-630 |
| ) | |
| SEVATEC, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Sevatec, Inc.'s Motion to Dismiss Plaintiff's Complaint. Dkt. No. 4. For the reasons outlined below, the Court finds good cause to GRANT the Motion and DISMISS the Complaint.

### I. Background

The Plaintiff is a dermatologist operating a practice in Atlanta, Georgia. As a condition of service, Griffin requires her patients to assign their health insurance benefits and rights to her. Defendant Sevatec administers various aspects of the self-funded ERISA plans through its agents, including Blue Cross Blue Shield Healthcare Plan of Georgia ("Blue Cross of Georgia"). In this suit, Griffin claims that Sevatec has failed to pay the appropriate ERISA plan benefits, specifically with regard to a patient identified as N.F.

In May and September of 2013, N.F. went to Griffin's office for several minor surgical procedures. As Griffin requires, N.F. signed Griffin's assignment of benefits form. After the surgeries, Griffin submitted her claims for treating N.F. to Blue Cross of Georgia. The total charges for the May 2013 surgeries totaled $4,116.96. Sevatec, through Blue Cross of Georgia, covered $1,641.11—of which $798 was paid to Griffin directly. Griffin asserts that Sevatec

1

should have covered $2,881.87 of the charges. The total charges for the September 2013 surgeries totaled $4,832.06. Sevatec covered $1,471.00—of which $1,030.00 was paid directly to Griffin. Griffin asserts that Sevatec should have paid an additional $2,352.32. Griffin "appealed" the covered charges with Blue Cross of Georgia. In these appeals Griffin requested certain plan documents. Blue Cross denied Griffin's appeals.

Subsequently, Plaintiff filed her Complaint, pro se, in this Court. The Complaint asserts three causes of action. Count One alleges that Sevatec has failed to pay the correct amount of benefits in violation of 29 U.S.C. § 1132(a)(1)(B). Count Two alleges that Sevatec failed to produce requested documents "[p]ursuant to 29 U.S.C. §§ 1024(b), 1104, and 1133(2)." Count Three seeks enforcement of 29 U.S.C. § 1105(a)(2) to hold Sevatec liable for Blue Cross of Georgia's alleged failures.

Sevatec filed the pending Motion to Dismiss on June 30, 2016. Griffin filed a memorandum in opposition and Sevatec filed a response. The Motion is now ripe for a decision.

## II. Legal Standard: Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A motion to dismiss pursuant to Rule 12(b)(6) must be considered in combination with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555. While "detailed factual allegations" are not required, Rule 8 does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* Because a Rule 12(b)(6) motion tests the

2

sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't v. Montgomery County*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). Accordingly, a complaint may survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Generally, when considering a motion to dismiss under Rule 12(b)(6), "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein," without converting the motion into one for summary judgment. *Witthohn v. Federal Ins. Co.*, 164 Fed. Appx. 395, 396 (4th Cir. 2006); *Rollins v. Kjellstrom & Lee, Inc.*, 109 F. Supp. 3d 869, 873 (E.D. Va. 2015). However, in reviewing a Rule 12(b)(6) motion for dismissal, the court may consider "matters of which a court may take judicial notice," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007), such as "matters of public record." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The court can "also consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Id.*

### III. Analysis

Defendants first argue that this case should be dismissed based on the doctrine of res judicata, or claim preclusion. "Res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action." *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (citing *Harnett v.*

3

*Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986)). "[T]he essential elements of the doctrine are generally stated to be (1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Nash Cty. Bd. of Ed. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981); *see also Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013). Res judicata may be raised in a Rule 12(b)(6) motion when the facts supporting the defense clearly appear on the face of the complaint. *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). "[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Id.*

Griffin filed an almost identical suit against Sevatec in the Northern District of Georgia on March 10, 2016. 1:16-cv-390-AT. This suit identified the same procedures conducted on the same patient—N.F.—that Griffin claims were not adequately covered by Sevatec. The suit also asserts the same three causes of action against Sevatec. On May 26, 2016, district judge Amy Totenberg dismissed the case. *Id.* Dkt. No. 19. Judge Totenberg concluded that the case was "squarely governed by the Court's prior decisions" in suits that had been filed by Griffin. *Id.* at 2 (citing *Griffin v. Health Sys. Mgmt., Inc.*, 157 F. Supp. 3d 1282, 2015 WL 9920821 (N.D. Ga.), *aff'd*, 635 F. App'x 768 (11th Cir. 2015)). In other words, Griffin had filed several similar suits in the Northern District of Georgia. The Northern District of Georgia had concluded, and the Eleventh Circuit had confirmed, that the "plan documents clearly and unambiguously prohibit assignments of benefits 'except as specifically provided' in a list of three situations, none of

which applie[d]." *Id.* Because the patient's assignment of benefits to Griffin was not valid, the Court concluded that Plaintiff did not have a cause of action against Sevatec. *Id.* at 3.

Sevatec now argues that Judge Totenberg's decision precludes this Court from considering this case. Griffin admits that the second and third elements of res judicata (same claims and same parties) are satisfied here. The only question for the Court then is whether the first element, a final judgment on the merits, is satisfied.

### A. Final Judgment on the Merits

The Supreme Court and the Fourth Circuit have concluded that "a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *McLean v. United States*, 566 F.3d 391, 398 (4th Cir. 2009) ("Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice."). This is consistent with Federal Rule of Civil Procedure 41(b) which provides that "any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). This applies in the context of res judicata. *Andrews v. Daw*, 201 F.3d 521, 525 n. 2 (4th Cir. 2000). Thus, Judge Totenberg's 12(b)(6) dismissal of *Griffin v. Sevatec*, 1:16-cv-390-AT, operates as an adjudication on the merits for the purposes of res judicata.

Griffin argues, however, that Judge Totenberg's decision was not a final judgment on the merits because the court failed to take into consideration "*credible* Georgia law." Dkt. No. 7 at 2. Griffin also appears to argue that Judge Totenberg's decision was not a final judgment on the merits because the dismissal did not state that it was "with prejudice" and because it was "filled

with unpublished case law" which conflicts "with Georgia State Assignment of Benefits laws." *Id.* None of these arguments are persuasive.

First, Judge Totenberg has addressed Georgia law on this issue in a case that Griffin filed in 2015. Specifically, Judge Totenberg has explained that "an ERISA-governed healthcare plan"—like the one at issue here—"may prohibit the assignment of benefits to a third-party." *Griffin v. Health Sys. Mgmt., Inc.*, 157 F. Supp. 3d 1282, 2015 WL 9920821 (N.D. Ga.), *aff'd*, 635 F. App'x 768 (11th Cir. 2015) (explaining *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1294–1296 (11th Cir. 2004)). Judge Totenberg further explained that even if Georgia law could be read to mandate the recognition of assignments, ERISA preempts any such state statute. *Id.* at *3. Thus, under this law, the unambiguous anti-assignment provision in the plan at issue is valid. Griffin has not cited any case law that comes to a different conclusion.

Second, it is inconsequential that Judge Totenberg's dismissal in *Griffin v. Sevatec* did not specifically state that it was "with prejudice." As noted above, the Fourth Circuit has held that "unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 398 (4th Cir. 2009). Judge Totenberg did not state that the dismissal was "without prejudice." Thus, the Court must conclude that it was intended to be rendered with prejudice.

Third, it is inapposite that Judge Totenberg's dismissal in *Griffin v. Sevatec* contained some unpublished cases. Most of the cases cited are cases previously filed by Griffin. In addition, the most significant case Judge Totenberg cites, *Griffin v. Health Sys. Mgmt., Inc.*, ___ F. Supp. 3d ___, 2015 WL 9920821 (N.D. Ga.), aff'd, 635 F. App'x 768 (11th Cir. 2015), is

reported and was affirmed by the Eleventh Circuit. Finally, Griffin cites no authority which holds that a dismissal is not a final judgment on the merits if it cites to unpublished cases.

As all of these arguments are unmeritorious, the Court concludes that Judge Totenberg's dismissal of the identical case, *Griffin v. Sevatec*, 1:16-cv-390-AT, was a final judgment on the merits for the purposes of res judicata.

## IV. Conclusion

As outlined above, the Court finds good cause to dismiss this case under the doctrine of res judicata. The Northern District of Georgia has already dismissed the same exact case. The Plaintiff should not now be allowed to get a second opinion from another district court. This dismissal was a final judgment on the merits. Thus, all requisite elements of res judicata have been satisfied. Accordingly, this case must be dismissed. An appropriate order will issue.

August 29, 2016
Alexandria, VA

/s/
Liam O'Grady
United States District Judge